UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PRUDENTIAL INSURANCE CO OF AMERICA | CIVIL ACTION NO. 25-cv-1160 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| APRIL KELLY ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

The Prudential Insurance Company of America filed this interpleader action against four potential claimants to $150,000 in death benefits payable under a Veterans' Group Life Insurance policy. The court is required to determine whether it has subject matter jurisdiction, even if no party raises a challenge. The burden of establishing jurisdiction is always on the party who seeks to bring a case to federal court, which in this case is Prudential.

Prudential asserts that the court has federal question jurisdiction because the claims at issue involve rights and liabilities governed by the Servicemembers' Group Life Insurance Statute (38 U.S.C. § 1965). Prudential also asserts that there is a basis for diversity jurisdiction.

The SGLI provisions in Title 38 include 38 U.S.C. § 1975, which states that the federal district courts have original jurisdiction "of any civil action or claim against the United States founded upon this subchapter." This action is not against the United States, and Prudential has not cited any other statute or jurisprudence that specifically allows the exercise of original jurisdiction where the claim is brought by a private insurer and the

United States is not a party. The court has not further researched the issue because the burden is on Prudential to establish a basis for the jurisdiction of the federal court.

There is no apparent basis for the exercise of diversity jurisdiction as a statutory interpleader action brought pursuant to 28 U.S.C. § 1335. That statute requires a stake of $500 or more and diversity among two or more of the adverse claimants. All claimants in this case are alleged to be citizens of Louisiana, so statutory interpleader is not available.

There does appear to be a basis for the exercise of diversity jurisdiction over a rule interpleader action pursuant to Fed. R. Civ. Pro. 22. The rule requires an independent basis for jurisdiction, including complete diversity between the stakeholder plaintiff and the claimant defendants and an amount in controversy exceeding $75,000. Prudential alleges in its amended diversity jurisdiction disclosure statement (Doc. 11) that it is a New Jersey corporation with its principal place of business in New Jersey, which makes it a citizen of New Jersey for purposes of diversity jurisdiction. All claimants are alleged to be citizens of Louisiana, and the policy amount is $150,000.

A review of the record at this point indicates that there is a basis for subject matter jurisdiction based on rule interpleader and diversity jurisdiction. Accordingly, the court makes a preliminary finding that it has subject matter jurisdiction over this civil action. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of August, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge